Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **NAIDA ENID CENTENO JIMÉNEZ Y OTROS**<br><br>Parte Recurrida<br><br>v.<br><br>**FRANCISCO JIMÉNEZ RODRÍGUEZ Y OTROS**<br><br>Parte Peticionaria | KLCE202401370 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Utuado**<br><br>Caso Núm.:<br>**UT2024CV00257**<br><br>Sobre: **DAÑOS, VIOLACIÓN DE DERECHOS CIVILES** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece ante nos el Municipio de Utuado, en adelante, Municipio o peticionario, solicitando que revisemos una *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Utuado, en adelante, TPI-Utuado, del 11 de diciembre de 2024. Mediante el referido dictamen, el Foro Recurrido denegó desestimar una demanda incoada en contra del peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el auto.

### I.

Los hechos del caso de epígrafe comenzaron en el año 2008, cuando Naida Centeno Jiménez y Juan Salgado Villalobos, en adelante, Matrimonio Salgado-Centeno o recurridos, perdieron a su hijo Adrián Salgado Centeno a las treinta y nueve (39) semanas de gestación.[1] Este último fue declarado muerto al nacer, y enterrado

---
[1] Apéndice del recurso, pág. 24.

Número Identificador
RES2025_____

en el Cementerio Nueva Jerusalén del Municipio. El panteón en el que fue enterrado el niño natimuerto, estaban enterradas otras personas.

Así las cosas, el 28 de mayo de 2023, los recurridos fueron informados de un cambio de titularidad del referido panteón.[2] En el proceso de coordinar el traslado de los restos de su hijo, los recurridos advinieron en conocimiento que este ya había sido exhumado. Estos hechos desataron una investigación policiaca, y una controversia entre las partes de este caso, entre otros, como la funeraria y el cementerio que fueron utilizados en la sepultura de Adrián Salgado Centeno.[3]

El 28 de mayo de 2024, el Matrimonio Salgado-Centeno radicó una *"Demanda"* contra el peticionario, y otros codemandados.[4] En la misma, solicitaron remuneración por daños y perjuicios, a consecuencia de las alegadas actuaciones negligentes y culposas del peticionario y los demás demandados, en la exhumación del cadáver de Adrián Salgado Centeno.[5] El 30 de julio de 2024, el Municipio presentó una *"Contestación a Demanda sin someterse a la Jurisdicción del Honorable Tribunal"*.[6] En su escrito, el peticionario solicitó al TPI-Utuado que emitiera una sentencia parcial, para desestimar el pleito contra el Municipio, por falta de jurisdicción.

Por su parte, los recurridos presentaron una *"Moción Informativa al Expediente del Tribunal en Cumplimiento de Orden y en Oposición a Solicitud de Desestimación"*, el 13 de septiembre de 2024.[7] Posteriormente, el 11 de diciembre de 2024, el TPI-Utuado

---

[2] Apéndice del recurso, pág. 26.
[3] *Id.*, pág. 27.
[4] *Id.*, pág. 18.
[5] *Id.*, pág. 35.
[6] *Id.*, pág. 37.
[7] *Id.*, pág. 55.

notificó una *"Resolución"* en la que declaró *"No Ha Lugar"* la solicitud de desestimación solicitada por el peticionario.[8]

Inconforme, el 17 de diciembre de 2024, el Municipio radicó un recurso de *"Certiorari"* ante esta Curia, y apuntaló los siguientes errores:

**PRIMER ERROR:** ERRÓ EL TPI AL NO DESESTIMAR LA DEMANDA POR FALTA DE JURISDICCIÓN CONCLUYENDO ERRÓNEA Y CRASAMENTE QUE LA PARTE RECURRIDA ADVINO EN CONOCIMIENTO DE LA TITULARIDAD (ADMINISTRACION) DEL MUNICIPIO EN LA FECHA DEL 6 DE MARZO DE 2024.

**SEGUNDO ERROR:** ERRÓ EL TPI AL NO RESPETAR EL MANDATO DE LA ASAMBLEA LEGISLATIVA A TENOR CON EL ARTÍCULO 1.051 DEL CÓDIGO MUNICIPAL DE PUERTO RICO, EXTENDIENDO UN BENEFICIO A LA PARTE RECURRIDA CUANDO INCUMPLIÓ CON LO ORDENADO EN DICHO ARTÍCULO.

**TERCER ERROR:** ERRÓ EL TPI AL NO DESESTIMAR LA DEMANDA CONFORME A LA REGLA 10.2 CUANDO IMPUTA RESPONSABILIDAD A OTROS TERCEROS Y NO AL MUNICIPIO DE UTUADO.

Mediante *"Resolución"* del 19 de diciembre de 2024, este Foro le concedió hasta el 20 de diciembre de 2024 al peticionario para evidenciar el cumplimiento con lo dispuesto en la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33. Además, le concedió a la parte recurrida hasta el 27 de diciembre de 2024 para presentar su oposición al recurso.

Habiendo cumplido ambas partes con lo ordenado, procedemos a expresarnos.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,*

---

[8] Apéndice del recurso, pág. 1.

211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una

lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio et al.,* 211 DPR 871, 902-903 (2023); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

**III.**

El peticionario recurre ante nos arguyendo que el TPI-Utuado debió desestimar la *"Demanda"* del Matrimonio Salgado-Centeno en

su contra. Aduce que el Foro Recurrido no tiene jurisdicción sobre la persona del Municipio, al amparo de las normas estatutarias aplicables.

Luego de un examen sosegado del expediente ante nos, y la norma estatutaria y jurisprudencial, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Distinguimos que el foro *a quo* no incurrió en error de derecho ni en abuso de discreción al denegar la desestimación de la *"Demanda"* contra el peticionario.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, y en el ejercicio responsable de nuestra discreción, justipreciamos que la denegatoria del TPI-Utuado en esta etapa de los procedimientos para desestimar la causa de acción de los recurridos contra el Municipio, no constituye un abuso de discreción o una determinación contraria a derecho. Además, entendemos que el proceder del Foro Primario no constituye un fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra intervención.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones